MARTIN v. BOARD OF COMMISSIONERS OF STREET IMPROVE-
MENT DISTRICT No. 5 OF STUTTGART.

4-3837

Opinion delivered March 25, 1935.

*M. F. Elms,* for appellants.
*Joseph Morrison,* for appellee.

BAKER, J. Street Improvement District No. 5 of the city of Stuttgart, Arkansas, was organized under provisions of act No. 84 of the General Assembly of the year of 1881, and the several amendatory acts as found in §§ 5647 to 5701, inclusive, Crawford & Moses' Digest. Assessments on each tract, lot and parcel of land, within the district, were duly and legally made. The property involved in this suit is lot thirteen and the south half of lot twelve, block eleven of Union Addition to the city of Stuttgart, belonging to M. F. Elms, who is the real appellant and party in interest herein.

Within the time provided by law the city clerk of Stuttgart delivered to the city collector of the district, after the formation of the district, a copy of the assessment of benefits, containing a description of the several tracts of land and the amount assessed against each with warrant attached in the form required by law, authorizing the collection of the assessments.

Thereafter, until 1934, the city clerk did not issue or deliver to the collector any copy of the assessment of benefits showing the amounts assessed or to be paid upon

any of the tracts of land, but collections were made for the several successive years, without this express authority. The lands involved in this suit became delinquent for the taxes of 1928, in the sum of $23.90, and was delinquent for each year thereafter, including 1934. In 1934, however, the city clerk certified the list of assessment of benefits, descriptions of the property within the district, including the property hereinbefore described, as being delinquent for the several years from 1928 to 1934. This same property continued delinquent, and suit was filed to foreclose the lien against it for the several amounts alleged to be due.

In defense to this suit, the owner asserted that the purported levies upon the assessments were void for all of the years except 1934, on account of the failure of the city clerk to file annually, under the provisions of § 5669, Crawford & Moses' Digest, with the collector the list of property with the levies and assessments, and with a warrant authorizing collection of the annual levies thereon, and also insisted, in the alternative, that all levies upon assessments, not accruing within three years next before the filing of the suit were barred.

It is further insisted that the decree providing for the immediate advertisement and sale of the property, was erroneous, because not in accordance with act 278 of the Acts of 1933.

The facts are stipulated in this case, and whatever part thereof may be necessary to our decision will be stated in this opinion.

Section 5667 of Crawford & Moses' Digest provides for the form of ordinance that may be passed by the city council creating improvement districts, such as the one under consideration here, and it provides therein for the fixing of the assessments upon the several lots, blocks, and parcels of land, etc., embraced in the said improvement district, and provides further as follows:

"And said local assessment shall be a charge and a lien against all the real property in said district from the date of said ordinance and shall be entitled to preference over all judgments, executions, incumbrances or liens whensoever created, and shall continue until such

local assessment, with any penalty and costs that may accrue thereon, shall be paid."

Since it is conceded that Improvement District No. 5, of Stuttgart was in all particulars valid and regular, then the above-quoted portion of § 5667 of Crawford & Moses' Digest must certainly fix and determine the beginning of the lien upon the property charged with the assessment of benefits, as well as the time for which the lien will run, that is to say, "until paid."

It was stipulated, and a finding of the court was to the same effect, that no warrant was issued by the city clerk, or town recorder to the city collector, authorizing the collection of assessments upon the property, except the first within forty days after the passage of the ordinance creating the district and fixing the lien upon the property within the district. This was required under § 5669 of Crawford & Moses' Digest. The closing sentence of the section being, "and like writs shall be issued annually until said local assessments shall be fully paid."

We are unable to see, particularly in this case, any prejudicial effect arising out of a failure of the clerk or recorder to furnish to the city collector a list of properties, together with the assessments to be collected, with a warrant authorizing the collection thereof. This dereliction of duty on the part of the clerk certainly did not operate as a discharge of the lien, and we cannot say, as a matter of law, that payments made to the city collector, during the period in which he had no express warrant to collect, were improperly made and that owners making such payments should not have due credit therefor. Had there been a change of collectors, or if there were a dispute as to the proper person to make collections, then the warrant would most probably have been essential to protect the property-owner, but no such question has arisen here.

Here we have no dispute about the assessments, except the collector did not have the express warrant in his possession for each of the successive years. Therefore the property-owner might, at his option, withhold the payment until one was expressly authorized to receive the money by an annual warrant issued by the city clerk.

The failure of the city clerk to issue the annual warrant did not impair the validity of the lien against the property, but this warrant should have been issued as required by law. The failure to perform this duty makes questionable the right of any particular person to collect the levies made upon the assessments and the result must necessarily follow that the landowner should not be penalized so long as this delinquency on the part of the clerk exists. The decree in this case, however, fixed no penalty upon the several delinquencies upon the property involved here. Probably for this reason the learned chancellor did not adjudge penalties. At any rate, we hold that the decree in that respect is correct.

These assessments, when pledged, become the security for payment of whatever bond issue may have been had to construct the improvements, and, since it is necessary that levies upon these assessments be paid in order to redeem and pay the bond issue, interest must also be paid. That is a part of the debt secured. If any property-owner desired to avoid the payment of accumulated interest, from year to year, he could have required, by proper procedure, the issuance of a warrant and in that manner have protected himself.

There is no statute of limitations applicable in this case by which suits upon assessments fixed in improvement districts in cities and towns might be barred. Act 85 of the Acts of 1925 does not apply. Act 534 of 1921 applies to any road improvement district, fencing district, levee or drainage district of the State. However, this act exempts from the effect of the act certain counties of the State, including White County.

This court, in the suit of *New Netherlands American Mortgage Bank Ltd.* v. *Little Red River Levee District No. 1,* 186 Ark. 965, 56 S. W. (2d) 1016, held the suit not barred by the statute of limitations. Said act No. 534 was not applicable to that county. That decision is controlling in the instant case.

Since the opinion handed down in this case, on March 25, 1935, was written, the Supreme Court of the United States had handed down the opinion in the case of *W. B. Worthen Co.* v. *Kavanaugh,* 55 S. Ct. 555, wherein

act 278 of the Acts of 1933 has been declared invalid. That opinion was delivered April 1, 1935.

Petition for rehearing was filed in this case within due time. Under the authority of the W. B. Worthen Company case, just mentioned, it has become necessary to modify our opinion of March 25th, wherein we held that the property should be sold in accordance with and under the provisions of act 278. We now withdraw that part of our opinion directing a correction of the order of sale, rendered by the chancery court of Arkansas County. It appears there was no error in the decree of the chancery court, and it should in all respects have been affirmed.

It is therefore ordered that the decree in this cause be affirmed in all particulars.