LAWRENCE COUNTY *v.* TOWNSEND.

4-6434                                      154 S. W. 2d 4

Opinion delivered July 7, 1941.

*Frierson & Frierson, Daily & Woods* and *Triplett & Williamson,* for appellant.

*Westbrooke & Westbrooke* and *Smith & Judkins,* for appellee.

McHANEY, J.   Appellants, other than the county, are the county clerk, tax collector, treasurer and county judge of Lawrence county and three Arkansas banks.  Appellees, who are taxpayers of, said county, brought this action against appellants to have declared void two certain bond issues of the county under Amendment No. 10 to the Constitution, and to enjoin appellant officers from levying and collecting any tax to pay said bonds and from paying out any money therefor.  J. M. Kurn and John G. Lonsdale, trustees of St. L. & S. F. Ry. Co. intervened as plaintiffs, adopted the complaint filed and are now appellees here.

Appellant Merchants National Bank of Fort Smith, Arkansas, was permitted to intervene in the action, filed an answer and alleged that it was the owner of some of the bonds in question and denied their invalidity and otherwise joined issue on the allegations of the complaint. The National Bank of Commerce of Pine Bluff also intervened, as did State National Bank of Texarkana, as trustee, each being the owner of some of the ques-

tioned bonds, and adopted the answer of the Merchants National Bank of Fort Smith.

The facts are substantially as follows: Amendment No. 10 to the Constitution became effective December 7, 1924, and authorized counties, etc., to issue bonds to fund outstanding indebtedness on that date. On June 27, 1927, the county court of Lawrence county made and entered an order declaring the indebtedness of the county on December 7, 1924, to be $56,174.30, which order has never been questioned. And of said amount of $56,174.30, there was still outstanding at that time $22,226.61, and thereafter on August 6, ordered the sale of that amount of six per cent. bonds, converted into bonds bearing a lower rate of interest. The court, at the time this bond issue was authorized, found that, of the original $56,-174.30 of indebtedness of the county on December 7, 1924, $33,947.69 thereof had been discharged between December 7, 1924, and June 27, 1927, by the acceptance of warrants of the county by the collector in payment of taxes. In April, 1928, the county court by order authorized and directed the issuance of bonds to fund said amount and thereafter $25,000 of six per cent. bonds were issued, sold and converted to $4\frac{1}{2}$ per cent. bonds. This was the second bond issue to cover the county's outstanding indebtedness as of December 7, 1924. Later, in November, 1928, a third issue was authorized of $9,169.79 and sold. Only the second and third issues are here involved. Both were issued and sold in 1928 to M. W. Elkins & Co. of Little Rock. Three of the $1,000 bonds of the second issue were acquired by the National Bank of Commerce in 1939 and three by the State National Bank of Texarkana, both in due course, and for value, before maturity and without notice of any defect. The Merchants National Bank of Fort Smith purchased the entire third issue from Elkins in December, 1928, under the same conditions. Taxes have been duly levied and collected by the county from 1928 to 1939, both inclusive, to meet the interest and maturities of all three issues, and the rate levied in each year has been less than the maximum of three mills permitted by Amendment No. 10. The

bonds and all interest coupons of all issues were duly paid as they matured up until the bringing of this suit in November, 1939, and no taxpayer has ever made any complaint until this suit, except the Frisco Railway Company refused to pay said bond tax of 1938 payable in 1939. In all orders of the county court the finding is made that the indebtedness of the county on December 7, 1924, was $56,174.30, and the county has never sought to change this amount. The only reason the county did not fund that amount in the first issue was due to the holding of this court in *Airheart* v. *Winfree,* 170 Ark. 1126, 282 S. W. 963.

Trial resulted in a decree holding that said second and third bond issues are void and making permanent the temporary order theretofore granted restraining the treasurer of Lawrence county from transmitting any of the funds on hand collected by reason of levies under the said two bond issues, who was directed to turn said funds over to Leonard Lingo, commissioner of the court, to be held and distributed by him as the court may direct. The interventions of the three named banks were dismissed for want of equity. This appeal followed.

We think the court erred in so holding. It appears that the rule announced in *Airheart* v. *Winfree, supra,* was applied instead of the rule in *Hagler* v. *Arkansas County,* 176 Ark. 115, 2 S. W. 2d 5, where the Airheart case was expressly overruled.

Appellees rely upon such cases as *Walker* v. *Gladish, County Judge,* 199 Ark. 580, 134 S. W. 2d 540; *Dowell* v. *Slaughter,* 185 Ark. 918, 50 S. W. 2d 572; *Beasley* v. *Combs,* 197 Ark. 703, 125 S. W. 2d 806; *Stahl* v. *Sibeck,* 183 Ark. 1143, 40 S. W. 2d 442, and *Ferris* v. *Stewart,* 200 Ark. 714, 140 S. W. 2d 431. We think no one of these cases is applicable to the facts here presented, but that the case of *Hagler* v. *Arkansas County, supra,* is in point. Here, the county court correctly determined the amount of its outstanding warrants on December 7, 1924, but by June, 1927, more than $33,000 of said warrants had been turned in in payment of taxes, and the county was in no better shape financially than it had been. Amendment

No. 10 authorized counties to issue bonds ''to pay indebtedness outstanding at the time of the adoption of this amendment'' and not indebtedness outstanding at the time the bonds were issued and paid for. Due to the decision of this court in *Airheart* v. *Winfree, supra,* bonds were issued only for the amount of warrants outstanding at the date of the first issue. After the decision in the Hagler case, the county again attempted to issue bonds to cover the balance of the outstanding debts, but issued and sold only $25,000 in bonds. Just why the whole balance of $33,947.69 was not issued at that time is not shown, but its failure to do so did not exhaust its right to issue the remainder in the third issue of $9,169.79, a few months later. The court found, and it so appears that the three issues total a small amount in excess of the total outstanding indebtedness found of $56,174.30, about $200. We think this was a mere clerical error and is *de minimis* of the amount involved.

Appellees' position is one wholly without equity. For eleven years they have paid the taxes levied to retire these bonds and interest coupons. Due notice was given of the various issues of bonds. They made no complaint at the time they were issued nor at any other time. The facts here presented are quite similar to those in the recent case of *Burton* v. *Harris, ante* p. 696, 152 S. W. 2d 529, in which it was held that the appellant was estopped to contest the validity of the bond issue.

The decree will be reversed and the cause remanded with directions to dismiss the complaint for want of equity, at the cost of appellees, plus any loss suffered by the bondholders or the county by reason of the injunction granted.