Beloate *v.* Street Improvement District No. 2.

4-6624                                                    159 S. W. 2d 451

Opinion delivered February 9, 1942.

*W. A. Jackson* and *W. E. Beloate,* for appellants.

*W. P. Smith* and *H. W. Judkins,* for appellee.

Holt, J.    Proceedings were begun by filing petition in February, 1923, under the general statutes of the state governing the formation of improvement districts in cities and towns, to organize Street Improvement District No. 2 in the city of Walnut Ridge, Arkansas, for the purpose of graveling and paving certain streets within the district, the cost of the improvement being limited to 30 per cent. of the assessed valuation of the property within the district.    The petition was duly approved by the city council and a board of commissioners appointed to make the improvement.    An engineer was selected by the commissioners and the estimated cost of the improvement reported to the council.    Assessors were duly appointed to assess benefits against the real estate within the district and their report to the council

was approved, and a lien on the property affected was declared by ordinance on June 6, 1923.

June 21, 1923, on petition of the board of commissioners, the council by ordinance repealed its action in approving the first assessment for the reason that the estimated cost of the contemplated improvement was more than 30 per cent. of the total assessed valuation of the property within the proposed district.

A second estimate and assessment were likewise approved and then rejected by the city council for the same reason.

A third estimate of the cost of the improvement was made, and a third assessment of benefits against the property within the district was made by the assessors and reported to the council. This third assessment was approved by the council and an ordinance was duly passed March 3, 1924, declaring this assessment to be a lien upon the property within the district. It is practically undisputed that the cost of the proposed improvement under this third assessment does not exceed 30 per cent. of the assessed valuation of the property within the district.

It thus appears that the district was created, operated, and all assessments were made and collected, under the third assessment. Bonds were sold, the improvement made, accepted and used by the city.

Appellants, Kate O. Beloate and Erna White, alleged property owners within the district, paid each annual assessment against their property without complaint, beginning with the first assessment and continuing for ten years thereafter. Appellants, however, failed to pay the 1935 assessments and for all subsequent years. The present suit was filed August 19, 1940, by the district's board of commissioners on behalf of the district, in the Lawrence chancery court, against appellants, and other property owners, to collect the delinquent assessments against their property. The suit is styled: *"Street Improvement District No. 2 of the City of Walnut Ridge, Arkansas, and Jake Less, W. E. Spikes, and (O. W. Swicord, Deceased) Board of Commissioners of said Improvement District,* plaintiffs, v. *Delinquent Lands,* defendants."

The appellants resisted payment of the assessments on the grounds (a) that appellees were not the proper parties to bring the suit; and (b) that they had paid all legal assessments. Mrs. White, defended on the additional ground that her property was not within the district. The trial court found the issues in favor of appellees and entered a decree accordingly. This appeal followed.

Appellants' contention that the suit was not brought by the proper parties, is, we think, untenable for the reason that § 7312 of Pope's Digest provides that suits for collection of delinquent assessments in an improvement district, such as we have here, shall be brought by the commissioners. This section of the statute provides: ". . . the board of commissioners shall enforce the collection of such past due assessments by proceedings in the chancery court of the county in which said improvement district is situated.''

The commissioners act primarily for the benefit of the district. Here the suit was properly brought by the commissioners for the district.

It is undisputed that Mrs. Beloate's property lies within the improvement district and we think the preponderance of the testimony shows that Mrs. White's property also lies within the district. But whether Mrs. White's property lies entirely within the district can make no difference in so far as her rights here are concerned.

It is undisputed that both of these appellants accepted the third assessment of benefits against their property without any complaint, and from the first paid all assessments as they accrued for a period of ten years. If appellants desired to question the assessments against their property, for any reason, the opportunity and method was provided under § 7416 of Pope's Digest. Not only did they fail to take any action in apt time, as provided by that section of the statute, but, as indicated, have waited ten years to raise any objections to the assessments and the legality of the district as affecting such assessments.

The city of Walnut Ridge acted within its powers, through its city council, in creating the improvement district in question and making the improvement which it has made and is now enjoying. The attack of appellants on the formation of the district and the assessments against their property is purely collateral and they are estopped to question the validity of these assessments.

Appellants do not seriously contend that the assessments made against their property would not be due if the third assessment be valid. Their contention is that they have paid all assessments that would be due the district under the first assessment. As we have indicated, the first assessment was finally rejected by the city council, and never became operative, but the third assessment was accepted, approved and put into effect by Ordinance No. 140, and it was upon the basis of this assessment that all assessed benefits have been collected from the property owners, including appellants. It is our view that the third assessment is in all respects valid, and that appellants' attack on the assessments against their property and the validity of the district comes too late. Here appellants have waited until long after bonds have been sold and the money therefrom used to make the improvements within this district, and we think their complaints at this late date are without equity. *Burton* v. *Harris,* 202 Ark. 696, 152 S. W. 2d 529, and *Lawrence County* v. *Townsend,* 202 Ark. 887, 154 S. W. 2d 4.

Finding no error, the decree is affirmed.