WHITE *v.* BOARD OF COMMISSIONERS OF STREET
IMPROVEMENT DISTRICT NO. 2.

4-7007                                    .169 S. W. 2d 862

Opinion delivered March 8, 1943.

*Horace Chamberlin,* for appellant.

*Smith & Judkins,* for appellee.

McHANEY, J.   The parties to this action are the
same, as those in *Beloate* v. *Street Improvement District
No. 2,* 203 Ark. 899, 159 S. W. 2d 451, in which appellants
here sought to avoid payment of delinquent assessments
of betterments in appellee district.  A decree of fore-
closure of the lien was rendered against them for the
delinquent tax and in favor of the district which was
affirmed by this court on February 9, 1942.  This action

seeks to enjoin the commissioner from selling their properties for this purpose on the grounds: (1) That they are in financial distress and it would be a great and unnecessary hardship on them; and (2) that the state has made certain donations to the district under acts 11 of 1934 2d Ex. Ses. and 385 of 1941 for the benefit of delinquent property owners in the district, because certain streets improved by the district have been taken over by the state as portions or continuations of the state highway system and that appellants' lots are adjacent thereto; that there is more than a sufficient sum on hand to retire all indebtedness of the district; and that the amount against their properties is not needed for any indebtedness of the district. They prayed that the foreclosure decree be canceled or that it be satisfied as against their property, and that the sale ordered be enjoined. The answer was a general denial. Trial resulted in a decree dismissing the complaint for want of equity.

We think the trial court correctly held the complaint was without equity. Appellants contend that the fact that their property abuts on a street in the district which is a part of the state highway system and that the state has paid the district the cost of the improvement made on such street, such payment by the state should be applied to the extinguishment of the delinquent taxes or assessments against their properties. This is not correct and we have several times held directly to the contrary. In *Jackson* v. *Foster,* 192 Ark. 712, 94 S. W. 2d 113, we held under a similar situation, that state aid to a municipal street improvement district under act 85 of 1931 is paid to the district for the benefit of the entire district and not for the exclusive benefit of property owners abutting on the state highway. To the same effect is *Lightle* v. *Kirby,* 194 Ark. 535, 112 S. W. 2d 966, where the contribution by the state to the district was made under act 11 of 1934, 2d Ex. Ses. In *Ingram* v. *Board of Commissioners of Street Improvement District No. 5 of Stuttgart,* 197 Ark. 404, 123 S. W. 2d 1074, it was held, to quote headnote No. 8: ''That the commissioners will, if the delinquent assessments be collected, have more than

enough to discharge the district's indebtedness is no defense, since after the appellant shall have paid his taxes, he will have been required to pay no more than other property owners in the district were required to pay, and he will be entitled to share with them in the distribution of the surplus.''

Appellants cite and rely upon the holding in *Tri-County Highway Imp. Dist.* v. *Taylor,* 184 Ark. 675, 43 S. W. 2d 231, to support the contention here made, but we think this case has no application here. A mere reading of the case in connection with the cases above cited will demonstrate its inapplicability here, and to set out the distinctions here would serve no useful purpose and would unduly extend this opinion.

Appellants do not contend that the alleged hardship on them would justify the relief prayed. Presumptively their properties have been benefited in a sum at least equal to the assessment made. The former decree, affirmed by this court, may be *res adjudicata* of the questions now raised. But whether it is or not, it follows from what we have said that the decree here is correct, and it is accordingly affirmed.

McHANEY, J. Our attention has been called, on rehearing, to the provision of the next to the last paragraph of § 10 (b) of Act 385 of 1941, found on page 1053 of the Acts of 1941, reading as follows: ''Provided further, that the amount due each district or municipality, as determined in sub-sections (a) and (b) of this section, when paid over to the Commissioners of such district or municipality, shall be used exclusively for the purpose of paying principal of and interest on the bonds of such district, and for no other purpose; provided further, that the annual tax levied, if any, on the assessment of benefits on the property adjacent to and contingent to the street or streets forming the continuation of the state highway shall be reduced proportionately in the amount paid hereunder, it being the intention of this act to credit the payments made herein to the benefit of said property adjacent to and contingent to the continuations.''

It is contended that the second proviso of the above quoted provision changes the rule announced in the cases cited in the original opinion, and so it does, if valid, and, for the purpose of the opinion, we assume its validity. But we think this provision has no application to appellants for the reason that there has been no annual tax levied on the assessments of benefits on the property of appellants since the passage of Act 385. The present suit is one to enjoin the sale under foreclosure proceedings begun on August 19, 1940, for the tax on betterments due for 1936 and subsequent years, which resulted in a decree of foreclosure and sale and this decree was affirmed in *Beloate* v. *Street Imp. Dist.*, cited in the original opinion. We, therefore, hold that Act 385 of 1941 has no application here as it is prospective only in its operation. Rehearing denied.