TURNER *v.* STREET IMPROVEMENT DISTRICT NO. 4, WALNUT RIDGE.

4-7067                                          172 S. W. 2d 25

Opinion delivered May 24, 1943.

*W. E. Beloate, Sr.,* for appellant.

*O. C. Blackford* and *W. M. Ponder,* for appellee.

GRIFFIN SMITH, C. J.   The appeal challenges a decree foreclosing liens of Street Improvement District No. 4 of Walnut Ridge.[1] Appellants (Ed. Turner and his wife, Minnie) owned four lots that were affected by the decree.

Contentions are: (1) Territory outside the corporate limits of Walnut Ridge was embraced within the District. (2) The District is void because petitions for its creation did not contain the requisite number of signers, and were not acted on by the City Council. (3) The five-year statute of limitation is a bar. (4) Appellants were entitled to credits for payments not reflected by the District's records.

. . .

The District was organized in 1924. Ed. Turner was one of the signers of the second petition required under the law (as it then stood) to be signed by a majority of the owners, in value, of real property. Benefits were assessed, followed by collection of annual installments to pay bonds and interest.[2] Appellants paid for 1925, 1926, 1927, and 1928. They now contend credit should be given for obligations discharged in subsequent years.

In 1932, after personal service upon appellants had been procured, Chancery Court decreed for 1929 and 1930 assessments. At suit of Columbian Title and Trust Company, trustee for bondholders, judgment was rendered in Federal Court against the District upon complaint that default had occurred. The action resulting in the instant appeal was brought in April, 1942.

*First and Second.*—The foregoing facts make it unnecessary to more extensively detail matters relating to these issues. Assuming the vices pointed to were at one time such as to merit relief from assessments, they are no longer justiciable. Validity of the District and consequential assessments were subjects necessary to a deter-

[1] Delinquencies are for seven successive years, beginning with 1929 and ending with 1935.

[2] Bonds had been sold, starting in 1925.

mination of the Federal Court case. The District represented taxpayers. Each was equally bound. As was said in *Howard-Sevier Road Improvement District No. 1* v. *Hunt*, 166 Ark. 62, 265 S. W. 517, (where a similar question was involved).

"The issue in the Federal Court case as to the validity of the bonds necessarily involved the issue as to whether there had been a valid assessment of benefits, for, if there was no valid assessment of benefits, there could be no valid issue of bonds. . . . As the District represented the taxpayers, it was bound to plead for them any defense that could have been set up which would have rendered the bonds invalid, and a good defense would have been that, for any reason whatsoever, there was no valid assessment of benefits. The District could, and should, have pleaded such defense for the benefit of the taxpayers."

If *res judicata* concluded a taxpayer when he was vicariously represented by the District, *a fortiori* is he also concluded when, as in the circumstances of this case, there was a previous right to raise the issue and a failure to act. Placing on one side such fatal consequences as would flow from failure within thirty days to attack validity of the District in the manner and for the purpose set forth in the statute,[3] appellants (upon whom personal service was had in the 1932 action) could have contested validity of the District and the assessments made against the four lots. But they did not make defense. Their failure then to litigate the questions here presented precludes relief at this time.

The law does not give to a taxpayer the right to challenge validity of an improvement district or of assessments at his convenience. A person who is party to litigation in which an essential issue *may* be raised must avail himself of defenses on penalty of thereafter being deprived of the right. Furthermore, appellants stood by while bonds were sold, and while proceeds were being applied to the improvements. For a number of years the assessments they now seek to recover were

---

[3] Crawford & Moses' Digest, § 5652.

paid. Such conduct estops appellants. *Beloate v. Street Improvement District No. 2,* 203 Ark. 899, 159 S. W. 2d 451.

*Third.*—In municipal improvement districts ". . . the assessment shall be a charge and lien against all the real property in said district . . . until such local assessment with any penalty and cost that may accrue thereon shall be paid." Pope's Digest, § 7306.

Other than in rural improvement districts (applicable to which, except as to certain exempted counties [4] there is a special statute) [5] limitation does not bar a suit to foreclose delinquent municipal improvement district assessments. *Martin v. Board of Commissioners of Street Improvement District No. 5 of Stuttgart,* 190 Ark. 747, 81 S. W. 2d 414. See, also, *New Netherlands American Mortgage Bank, Ltd.,* v. *Little Red River Levee District No. 1,* 186 Ark. 965, 56 S. W. 2d 1016.

*Fourth.*—Although appellants contend they have paid certain of the assessments sued for, they do not produce receipts. The District's records do not show the payments were made, and those who collected taxes testified the payments were not made. The Chancellor's findings are not against the weight of evidence.

Affirmed.

---

[4] Lawrence county happens to be one.
[5] Act 534 of 1921.